UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARLA ANN Y.,

    Plaintiff,

  v.                                                              **DECISION AND ORDER**

                20-CV-6459S

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

   1.  Plaintiff Marla Ann Y.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her application for disability insurance benefits under Title II of the Act. (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

   2.  Plaintiff protectively filed her application with the Social Security Administration on September 22, 2016.  Plaintiff alleged disability beginning December 29, 2015, due to multiple sclerosis, mild obstructive sleep apnea, depression, and anxiety.  Plaintiff's application was denied, and she thereafter requested a hearing before an administrative law judge ("ALJ").

   3.  On September 19, 2018, and February 13, 2019, ALJ Robyn Hoffman held a series of video hearings at which Plaintiff—represented by counsel—and Vocational Expert Kristan Cicero appeared and testified.  (R.[2] at 52-73, 37-50, 18.)  At the time of

---

[1]In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

[2]Citations to the underlying administrative record are designated as "R."

the hearings, Plaintiff was 49 years old with a high school education (R. at 29; Docket No. 16, Pl. Memo. at 5).  According to the vocational expert, Plaintiff's past relevant work was a cashier II, light exertion work but performed as heavy exertion (R. at 29).

4.     The ALJ considered the case *de novo* and, on March 28, 2019, issued a written decision denying Plaintiff's application for benefits.  After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed the current action, challenging the Commissioner's final decision.[3]  (Docket No. 1.)

5.     Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 16, 18.)  Plaintiff filed a response on May 17, 2021 (Docket No. 19), at which time this Court took the motions under advisement without oral argument.  For the reasons that follow, Plaintiff's motion is **granted**, and Defendant's motion is **denied**.

6.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 389, 91 S.Ct. 1420, 26 L.Ed.2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the

---

[3]The ALJ's March 28, 2019, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7.      "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

9.      The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical

or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work.  Finally, if the claimant is unable to perform [her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10.    Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Yuckert, supra, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

11.    The ALJ analyzed Plaintiff's claim for benefits under the process set forth above.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the onset date of December 29, 2015.  (R. at 20.)  At step two, the ALJ found that Plaintiff has the following severe impairment:   multiple sclerosis, mild

4

obstructive sleep apnea, depression, and anxiety.  Id. at 20-21.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id. at 21.

12.     Next, the ALJ found that prior to March 5, 2019 (just before her 50th birthday), Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with limitations.  The ALJ found Plaintiff could occasionally lift and carry 10 pounds, sit for approximately 6 hours, and stand or walk for approximately 2 hours in an 8-hour workday with normal breaks.  Plaintiff could occasionally climb ramps or stairs, but not ladders, ropes, or scaffolds.  She can occasionally balance, stoop, kneel, crouch, and crawl and can frequently handle, finger, and feel.  Plaintiff should avoid excessive exposure to extreme cold, extreme heat, wetness, and humidity.  Plaintiff retains the ability to understand and follow simple instructions and directions; perform simple tasks independently; maintain attention or concentration for simple tasks; regularly attend to a routine and maintain a schedule; relate to and interact appropriately with all others to the extent necessary to carry out simple tasks.  She can handle simple, repetitive work-related stress in that she can make occasional decisions directly related to the performance of simple tasks in a position with consistent job duties that does not require Plaintiff to supervise or manage the work of others.  (R. at 23.)

13.     At step four, the ALJ found Plaintiff is unable to perform her past relevant work.  (R. at 29.)  At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (R. at 29-30.)  Considering limitations performing sedentary work up to March 5, 2019, the ALJ posed hypotheticals

to the vocational expert.   The expert then opined that a claimant like Plaintiff in age, education, job skills, experience, and her RFC could perform such jobs as polisher, addresser, toy stuffer, or table worker (each sedentary occupations).   (R. at 29-30.) Accordingly, the ALJ found that prior to March 5, 2019, Plaintiff was not disabled.   (R. at 30, 31.)   After March 5, 2019, Plaintiff aged into a different category and factoring her age, education, work experience, and RFC, she was disabled under Medical-Vocational Rule 201.14 (R. at 30).

14.   Thus, the issue is whether Plaintiff was disabled from December 29, 2015, through March 5, 2019, for a "younger individual age 45-49."

15.   Plaintiff argues that the RFC determination is not supported by substantial evidence because the ALJ did not weigh the opinions in the record appropriately and, absent assigning controlling weight to any medical opinions, the ALJ thus rendered the RFC on an incomplete record.   Because of a gap in the record described below, this case is remanded.

16.   First, Plaintiff asserts that the ALJ improperly weighed opinions from nonaccepted medical sources, her counselor Deanne Mitchell and psychiatric nurse practitioner Glenn Hann (Docket No. 16, Pl. Memo. at 1, 16-22).

17.   Mitchell and Hann opined on August 6, 2018, that Plaintiff could not maintain attention for 2-hour segments, maintain regular attendance, being punctual, perform at a consistent pace without an unreasonable number and length of rest periods, and travel in unfamiliar places (R. at 379, 381, 27).   They diagnosed Plaintiff with an inability to complete a normal workday without interruptions from psychologically based

symptoms or to understand, remember, and carry out detailed instructions (R. at 379, 380, 27).

18.     The ALJ, however, gave little weight to these opinions because the restrictions therein were inconsistent with "and too extreme in light of" Hann's treatment notes and the treatment provided (R. at 27).  The ALJ observed that Plaintiff managed her anxiety and depression, had the support of her significant other and cooperated with medical providers (R. at 23).  The ALJ further stated that it appeared Plaintiff had not followed the advice of her doctors (R. at 27).

19.     Defendant cites the Hann's treatment notes and normal and stable findings (Docket No. 18, Def. Memo. at 7-8; R. 388-89, 390-91, 393, 395, 396, 398, 401, 403, 405, 406, 408, 410, 411, 27 (ALJ's findings)).

20.     Plaintiff argues that, while not acceptable medical sources (cf. Docket No. 18, Def. Memo. at 7), the opinions of the counselor and psychiatric nurse practitioner were important and should be evaluated on impairment severity and functional effects (Docket No. 19, Pl. Reply Memo. at 1-2, quoting Fountain v. Berryhill, No. 17CV6172, 2018 WL 4658203, at *4 (W.D.N.Y. Sept. 27, 2018) (Feldman, Mag. J.), and SSR 06-03p.  These opinions needed to be evaluated by the same factors as acceptable treating sources (id. at 2 & n.1), under the standards applicable before March 2017 (Docket No. 18, Def. Memo. at 7), 20 C.F.R. § 404.1527; SSR 06-03p.

21.     A nonacceptable medical source, 20 C.F.R. § 404.1513(d), "can be credited when 'the "non-medical source" has seen the individual more often and has greater knowledge of the individual's functioning over time and if the "non-medical source's"

opinion has better supporting evidence and is more consistent with the evidence as a whole,'" Fountain, supra, 2018 WL 4658203, at *4. In weighing these opinions, the ALJ

> "may consider, inter alia, how long the source has known and how frequently the source has seen the individual, how consistent the opinion is with other evidence, the degree to which the source presents relevant evidence to support an opinion, how well the source explains the opinion, and whether the source has a specialty or area of expertise related to the individual's impairment(s)".

Id.; SSR 06-03p.

22.     The ALJ, however, is free to discount the assessment of a nonacceptable source, Genier v. Astrue, 298 F. App'x 105, 108-09 (2d Cir. 2008) (summary Order) (Docket No. 18, Def. Memo. at 7).

23.     While the ALJ here did not state the frequency of examinations and treatment, the ALJ found that their opinions were inconsistent with Hann's treatment notes and the treatment provided (R. at 27).

24.     The problem, however, is the counseling notes from Mitchell were not included in this record. Plaintiff raises this as an additional objection to the ALJ's decision (Docket No. 16, Pl. Memo. at 26-30). The objection also is pertinent here because of the basis for the ALJ's rejection of Mitchell's opinion. There was no determination of the consistency of Mitchell's opinion to her counseling notes.

25.     Mitchell had biweekly therapy sessions with Plaintiff from December 2016 while Hann had monthly psychiatric sessions (Docket No. 26, Pl. Memo. at 18-19; R. at 377). , The record, however, does not contain Mitchell's counseling notes. Plaintiff invokes the ALJ's affirmative duty to develop the record (id. at 26).

26.     During the initial hearing on September 19, 2018, Plaintiff stated she needed to supplement the record with pharmaceutical records and the ALJ kept the

record open for the medication list (R. at 56-57), which she later submitted (R. at 230; Docket No. 18, Def. Memo. at 14 n.4).

27.     During the February 13, 2019, hearing, the ALJ asked if Plaintiff needed to supplement the record and Plaintiff said no (R. at 40; see Docket No. 18, Def. Memo. at 14).

28.     Plaintiff has the burden of proving her disability and submitting all evidence relative to the question of disability, 20 C.F.R. § 404.1512(a) (Docket No. 18, Def. Memo. at 13).

29.     Plaintiff did not supply Mitchell's counseling notes or raise issues about the record being incomplete before this action.   Defendant also notes Plaintiff has not submitted these notes to this Court in a 42 U.S.C. § 405(g) sentence six remand request (Docket No. 18, Def. Memo. at 15).

30.     The ALJ has a duty to complete the record when there is an obvious gap therein, see, e.g., Nagy v. Saul, No. 19CV300, 2020 WL 3118569, at *4 (W.D.N.Y. June 12, 2020) (Roemer, Mag. J.).

31.     Defendant denies that there is an obvious gap (id.).  Mitchell's unpresented counseling notes, however, is such an obvious gap in the record, see Freeman v. Comm'r of Soc. Sec., No. 19CV68, 2020 WL 38119087, at *4 (W.D.N.Y. July 8, 2020) (Geraci, C.J.); Williams v. Comm'r of Soc. Sec., No. 17CV1322, 2017 WL 851065, at *4-5 (W.D.N.Y. Feb. 21, 2019) (Wolford, J.) (Docket No. 19, Pl. Reply Memo. at 5) (missing page of chiropractor's report deemed obvious gap in record).

32.     The ALJ rejected Mitchell's joint opinion with Hann solely upon Hann's treatment records and without any consideration of Mitchell's counseling notes.

9

33.     Plaintiff presents the joint opinion of Hann and Mitchell (R. at 377-82) and treatment notes only from Hann.  It is unclear from this record whether Mitchell's notes confirm the joint Hann-Mitchell opinion.  This presents an obvious gap in the record akin to a missing page in a medical report, <u>Williams</u>, <u>supra</u>, 2017 WL 851065, at *5.

34.     Plaintiff's Motion for Judgment (Docket No. 16) is granted.

35.     Given this remand, this Court need not and does not address Plaintiff's remaining arguments, <u>Freeman</u>, <u>supra</u>, 2020 WL 38119087, at *5, including Plaintiff's argument that the ALJ failed to assign controlling weight to any medical source opinion, hence finding the RFC solely upon the ALJ's lay interpretation of the raw medical record (Docket No. 16, Pl. Memo. at 1, 22-26).


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 18) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:      January 24, 2022
            Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge